# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          :          ID No. 1301017294A
                            :
          v.                :
                            :
GARY A. PALMER,             :
                            :
          Defendant.        :
                            :

## ORDER

On this 16th[th] day of August, 2021, upon consideration of Defendant Gary A. Palmer's first motion for postconviction relief, and the record in the case, **IT APPEARS THAT**:

1.  Mr. Palmer filed his first motion for postconviction relief, *pro se,* on March 1, 2021. He had pled guilty to six felony charges on June 9, 2014. The Court sentenced him on that same day to a combined twenty-years of incarceration, followed by one year of concurrent Level III probation. Mr. Palmer did not appeal his convictions to the Delaware Supreme Court.

2.  After careful consideration of Mr. Palmer's motion, the Court must summarily deny it because Superior Court Criminal Rule 61(i)(1) bars it. Namely, the Rule provides that:

> [a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.[1]

---

[1] Super. Ct. Crim. R. 61(i)(1).

3. Here, Mr. Palmer filed his motion more than six years after his conviction was final. He identifies no retroactively applicable right that could trigger an exception to the procedural bar.[2]

4. Furthermore, Mr. Palmer's filings demonstrate none of the other exceptions to the one-year procedural bar. Namely, he does not allege that the Court lacked jurisdiction over his case.[3] Nor did he separately satisfy the pleading requirements set forth in Rule 61(d)(2)(i) or (2)(ii)[4]. As a result, his motion is time barred.

**NOW, THEREFORE**, after considering Mr. Palmer's filings, and reviewing the record in this case, the Court **DENIES** his motion for postconviction relief.

**IT IS SO ORDERED**.

/s/Jeffrey J Clark
Resident Judge

JJC/dsc
oc:   Prothonotary
cc:   Gregory R. Babowal, Esquire
      Robert A. Harpster, Esquire
      Gary A. Palmer, JTVCC

---

[2] *See id*. (recognizing this exception to the one-year bar).
[3] *See* Super Ct. Crim. R. 61(i)(5).
[4] *See id* (including exceptions for newly discovered evidence or when a sentence of death is involved).

2